IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00304-DDD

MURPHY CREEK ESTATES, LLC, a Colorado limited liability company,
Plaintiff,
v.
MURPHY CREEK ESTATES FUNDING, LLC, a Colorado limited liability company formerly
known as Murphy Creek Estates Funding, LLP;
WHITEHALL FINANCIAL CORPORATION, a Colorado corporation;
WHITEHALL FINANCIAL, LLC, a Colorado limited liability company;
HOMESTEAD RESOURCES, LLC, a Colorado limited liability company;
COSCAN COMMERCIAL CORPORATION, a Nevada foreign corporation;
DANIEL L. MCCRACKEN; an individual;
WILLIAM R. WOOD, an individual; and
DFH MANDARIN, LLC, a Florida limited liability company,
Defendants

---

### FUNDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT AGAINST FUNDING DEFENDANTS AND TO STRIKE PORTIONS OF VERIFIED STATEMENT OF KRISTJANSSON

---

Defendants MURPHY CREEK ESTATES FUNDING, LLC ("MCEF"); WHITEHALL FINANCIAL CORPORATION ("WFC"); WHITEHALL FINANCIAL, LLC ("WF"); HOMESTEAD RESOURCES, LLC ("Homestead"); COSCAN COMMERCIAL CORPORATION ("Coscan"); DANIEL L. MCCRACKEN ("McCracken"); and WILLIAM R. WOOD ("Wood") (collectively "Funding Defendants"), pursuant to Fed.R.Civ.P. 9(b), 12(b)(1), 12(b)(3), 12(b)(6), and 12(f)(2), move to dismiss Plaintiff's Verified Complaint [ECF 1] ("Complaint"), and to strike

portions of the Verified Statement of Kristjansson [ECF 1-28] ("Statement") filed on February 2, 2022.

## CERTIFICATION

Pursuant to DDD Civ. P.S. IIID, undersigned counsel certifies that he conferred via telephone with Plaintiff's counsel regarding this motion and the relief sought herein and was advised that Plaintiff will oppose it.

## INTRODUCTION

Plaintiff admits that out of its thirteen claims for relief against the Funding Defendants, only one of which –the RICO claim--is a federal question claim, and the remaining substantive claims are state law claims[1]. This Court may infer that this case was filed in this Court due to Plaintiff's dissatisfaction with the Arapahoe County District Court's recent rejection of Plaintiff's claim that MCEF's deed of trust is a forgery ("Forgery Claim") in Case No. 2021CV31556, *Murphy Creek Estates, LLC v. Murphy Creek Estates Funding, LLC* ("State Court Litigation"), a claim upon which the instant Complaint substantially relies.

Significantly, Plaintiff fails to allege a plausible RICO claim on several grounds, including but not limited to the facts that 1) the members of the alleged "enterprise" are identical to the alleged RICO defendants, contrary to the requirements of *George v. Urban Settlement Services*, 833 F.3d 1242, 1249 (10th Cir. 2016); and there are only two alleged predicate acts with only a single alleged "victim" (Plaintiff) and one alleged

---

[1] See Complaint, Paragraph 28 ("This court has subject matter jurisdiction over this Action because Plaintiff asserts a claim for relief based upon a federal question pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff has a claim for relief under 18 U.S.C. §1964 (RICO), and each of Plaintiff's other claims arising out of state law derive from the same common nucleus of operative facts.")

discrete "goal" (to defraud Plaintiff) thereby running afoul of the requirement in the Tenth Circuit noted in *Levey v. Wetherall,* Civil Action No. 1:19-cv-02294-DDD-MEH, (D.Colo. September 29, 2020), pp. 6-7, that the predicate acts must also affect more than a single victim and aim to accomplish more than one discrete goal, citing *Pagel v. Washington Mut. Bank, Inc.*, 153 F. App'x 498, 502 (10th Cir. 2005). These limitations serve to prevent a run- of- the- mill business dispute and alleged fraud case such as this that belongs in state court being turned into a RICO claim. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992). Plaintiff's RICO claim therefore should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

The remaining claims against the Funding Defendants should be dismissed under Fed.R.Civ.P. 12(b)(1) and 28 USC Section 1367(c)(3). This would be consistent with the Tenth Circuit's preferred practice to decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *Lawrence v. Polis*, 505 F.Supp.3d 1136, 1151 (D.Colo. 2020).[3]

Additionally or alternatively, all of the claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue, based on the forum selection clause in the third to the last sentence of the "Lender's Rights" paragraph of the Promissory Note, Exhibit 9 to the Complaint [ECF 1-9], which states in relevant part that "If there is a

---

[2] Additionally, the RICO claim should be dismissed pursuant to Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity, for reasons set forth below.

[3] The Funding Defendants do not concede that the remaining 12 claims state a claim upon which relief can be granted, but it is not necessary to burden the Court with that analysis given that dismissal is appropriate for the above reasons.

lawsuit, Borrower [Plaintiff] agrees upon Lender's [Defendant MCEF's] request to submit to the jurisdiction of the courts of Arapahoe County, the State of Colorado." This clause is incorporated into the 2003 deed of trust [ECF 1-10] and the 2019 deed of trust [ECF 1-19], copies of which are attached to the Complaint as Exhibits 10 and 19 respectively, by virtue of the incorporation paragraphs in the note and in those two deeds of trust. All of Plaintiff's claims are predicated directly or indirectly upon the alleged invalidity or unenforceability of said Promissory Note and the incorporated deeds of trust. MCEF and the remainder of the Funding Defendants move this Court to enforce this clause by dismissing the Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

Finally, portions of the Statement should be stricken pursuant to Fed.R.Civ.P. 12(f)(2) because they are not based on personal knowledge and are therefore inadmissible hearsay.

## ARGUMENT

### I. THE RICO CLAIM SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 9(b).

#### A. Standard For Motion To Dismiss

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit implemented the *Twombly* standard in *Khalik v. United Airlines,* 671 F.3d 1188, 1191 (10th Cir. 2012).

### B. The RICO Claim Should Be Dismissed Pursuant to Rule 12(b)(6) Because It Fails To Allege An Enterprise Distinct From The RICO Defendants.

*The RICO Claim fails to state a claim upon which relief can be granted, because Complaint Paragraphs 339-341 allege RICO Defendants identical to the alleged members of the alleged RICO "Enterprise".*

"A RICO violation requires: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008) (citation and internal quotation marks omitted).

Plaintiff's First Claim for Relief is entitled "(RICO- 18 U.S.C. § 1962(c) **_against all Defendants_**, except DFH). [Emphasis added]." The RICO claim clearly alleges the "Count 1 Defendants form an enterprise". The Count 1 Defendants are the same persons/entities as those alleged to "conduct and participate in the conduct of the enterprise's affairs:"

> 339. This count is against Defendants Mr. McCracken, Mr. Wood, WFC, WFLLC, MCE Funding, Homestead, and Coscan (the "Count 1 Defendants").
>
> 340. **_The Count 1 Defendants form an enterprise_** that engages in and whose activities, particularly its use of interstate wires, affect interstate commerce within the meaning of 18 U.S.C. §§ 1961 and 1962.
>
> 341. **_The Count 1 Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs_** through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff

The RICO Claim is subject to dismissal because the alleged RICO enterprise is not separate and distinct from the RICO defendants. See *George v. Urban Settlement Services*, 833 F.3d 1242, 1249 (10th Cir. 2016), wherein the Court stated:

5

> *We recognize that § 1962(c) requires that the "person" conducting the enterprise's affairs be distinct from the "enterprise."* Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 160, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001); *see Bd. of Cty. Comm'rs of San Juan Cty. v. Liberty Grp.*, 965 F.2d 879, 885 & n.4 (10th Cir. 1992) (collecting cases and noting predominant view that § 1962(c) "require[s] that the 'person' and the 'enterprise' engaged in racketeering activities be different entities").

Therefore, the RICO claim should be dismissed for failure to state a claim upon which relief can be granted.

**C. The RICO Claim Should Be Dismissed Pursuant to Rule 12(b)(6) Because It Alleges Only Two Predicate Acts Affecting Only A Single Alleged Victim, As Part of A Single Scheme.**

*Additionally, the RICO Claim fails to state a claim upon which relief can be granted, because Complaint Paragraphs 341 and 345 allege only a single victim and a single scheme.*

Plaintiff's RICO claim fails to state a claim because it fails to allege other than in conclusory terms, that the RICO Defendants—namely all the Funding Defendants—conducted the alleged enterprise through a pattern of racketeering activity. A "pattern of racketeering activity" requires at least two predicate acts. *See Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). This requires demonstrating a relationship between the predicate acts and a threat of continuing activity—"the pattern element is not satisfied by a showing of relatedness alone." *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001). As defined in 18 U.S.C. § 1961(1)(B), "racketeering activity" includes indictable acts of mail and wire fraud as prohibited under 18 U.S.C. §§ 1341 and 1343, respectively.

Here, Plaintiffs allege only two predicate acts, namely wiring of sales proceeds from the Lennar 1 transaction (Complaint, Paragraph 171) and the wiring of sales proceeds from

the Lennar 2 sales transaction (Complaint, Paragraph 190). Paragraph 341 of the Complaint demonstrates that there was only one alleged victim, the Plaintiff, and one alleged scheme:

> 341. The Count 1 Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding ***Plaintiff***. Specifically: Defendants committed wire fraud under 18 U.S.C. §1343 with respect to the sale proceeds of Lennar Sale 1 and Lennar Sale 2 and intend to ***continue their fraudulent scheme*** with respect to the DFH Sale. [Emphasis added].

Paragraph 345 of the Complaint also establishes that the two predicate acts of alleged wire fraud allegedly were directed at a single "victim" and allegedly arose out of a single "scheme":

> 345. The Count 1 Defendants' acts of wire fraud are related to each other, defraud the ***same victim***, and arose out of the ***same scheme*** concerning the Land. [Emphasis added].

These allegations are insufficient to allege a pattern or threat of racketeering activity.

As stated in *Levey v. Wetherall,* Civil Action No. 1:19-cv-02294-DDD-MEH, (D.Colo. September 29, 2020), pp. 6-7:

> ***The predicate acts must also affect more than a single victim and aim to accomplish more than one discrete goal***. *Pagel v. Washington Mut. Bank, Inc.*, 153 F. App'x 498, 502 (10th Cir. 2005) ("***In this circuit, it is well established that a single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing racketeering activity.***"); *see also Midwest Grinding*, 976 F.2d at 1025 (same). These limitations serve to prevent run-of-the-mill business disputes being turned into RICO claims. *Midwest Grinding*, 976 F.2d at 1025. [Emphasis added].
>
> The complaint fails to meet these standards. The predicate acts alleged are a series of wire transactions between Mr. Levey and Mr. Wetherall over a short period of time ***aimed at defrauding one person: Mr. Levey***. ***This isn't the kind of broad-based, multiple-victim pattern of racketeering activity that Congress intended to give rise to liability under RICO.*** *H.J.*, 492 U.S. at 239 (1989) ("The term pattern

itself requires the showing of a relationship between the predicates, and of the threat of continuing activity.") … [Emphasis added].

***<u>The complaint thus fails to adequately allege a RICO claim.</u>*** [Emphasis added].

For these reasons, the RICO claim should be dismissed with prejudice for failure to state a claim.

### D. The RICO Claim Should Be Dismissed Pursuant to Fed.R.Civ.P. Because It Fails To Allege Fraud With Particularity.

The "threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiff to frame its pleadings in such a way that will give the defendant, and the trial court, clear notice of the factual basis of the predicate acts." *Cayman Exploration Corp. v. United Gas Pipe Line Company*, 873 F.2d 1357, 1362(10th Cir.1989). The requirement of Fed.R.Civ.P. 9(b) that fraud must be pled with particularity applies to RICO claims. *Ibid*. This means that the complaint "must set forth the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir.1991).

Plaintiff's RICO claim is based on numerous allegations that fail to satisfy the requirements of Fed.R.Civ.P. 9(b) because they are only "based on information and belief".[4] This includes the allegations pertaining to the only two predicate acts, the alleged wiring of sales proceeds from Lennar 1 (Paragraphs 170 and 171) and Lennar 2

---

[4] Complaint, Paras. 12, 15, 16, 44, 54, 58, 60, 61, 77, 82, 98, 99, 101 106, 108, 115, 116, 118, 122,126, 128, 130, 131, 133, 134, 138, 139, 147, 167, 170, 171, 186, 189, 190, 196, 207, 209, 219, 221, 232, 233, 238, 239, 244, 245, 250, 251, 264, 292, 295, 296, 301, 302, 308, 309, 310, 313, 314, 315, 322, 383.

(Complaint Paragraphs 189 and 190). Therefore, the RICO claim should be dismissed pursuant to Fed.R.Civ.P. 9(b).

## II. THE REMAINING STATE COURT CLAIMS SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 28 U.S.C. SECTION 1367(c)(3)

The Complaint alleges federal court jurisdiction based on the federal question raised by only one of the thirteen claims for relief, the first claim for relief, alleging a violation of 18 U.S.C. 1962(c). All of the remaining substantive claims for relief arise under state law, and the federal court's jurisdiction over those claims is based solely on supplemental jurisdiction under 28 U.S.C. Section 1367.

Under 28 U.S.C. Section 1367(c)(3), if the federal question claim is dismissed, the Court in its discretion may refuse to exercise supplemental jurisdiction over the state law claims:

> "(c)The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (3)
> The district court has dismissed all claims over which it has original jurisdiction."

*Lawrence v. Polis*, 505 F.Supp.3d 1136, 1151 (D.Colo. 2020) supports dismissal of these remaining state court claims:

> A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) ; see also *Gaston v. Ploeger* , 297 F. App'x 738, 746 (10th Cir. 2008) (district court did not abuse discretion in declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims; "we have repeatedly recognized that this is the preferred practice").

The court should consider retaining state claims only when, "given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541

9

(10th Cir.1995) (citing *Thatcher Enter. v. Cache County Corp*., 902 F.2d 1472, 1478 (10th Cir.1990)). *See also Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013).

Here the case is in its infancy. The pretrial proceedings have been minimal. Moreover, considerations of judicial economy, convenience and fairness militate toward having this matter heard in state court, and Plaintiff is unable to meet its burden to show otherwise:

a. By Plaintiff's own admission, all but one of the substantive claims asserted against the Funding Defendants arise out of state law.

b. There already have been significant proceedings before Judge Michaelson in the Arapahoe County District Court, Case No. 2021CV31556, *Murphy Creek Estates, LLC v. Murphy Creek Estates Funding, LLC,* in which he ruled against the Plaintiff herein, and in favor of Defendant MCEF on Plaintiff's claim that the MCEF 2019 deed of trust [ECF 1-19] had been forged and was fraudulent—the same claim which forms a major basis for Plaintiff's Complaint in this case.[5]

c. Judge Michaelson most recently ruled in relevant part on February 28, 2022, in the Order Settling The Record, a copy of which is attached hereto as Exhibit 1[6], that:

---

[5] See Complaint, Paras 194, 195, 224, 225, 232, 233 (alleging the 2019 deed of trust was "forged" or a "forgery"); Paras. 267, 271, 309, 327, 334, 429, 437 and 438 (alleging the 2019 deed of trust was "fraudulent" or "invalid"); Paras. 222, 223, 226-231, 273, 424, 425, 430, 431(additional allegations regarding the 2019 deed of trust); Eleventh Claim for Relief (seeking declaratory judgment regarding 2019 deed of trust); Prayer for Relief (seeking decree that "2019 DOT are invalid, extinguished, or otherwise unenforceable").
[6] As set forth in the Verified Statement of Kirk B. Holleyman, attached as Exhibit 3, a true copy of the February 28, 2022, Order Settling The Record in the State Court Litigation is attached as Exhibit 1. This Court may take judicial notice of it. Although Plaintiff has appealed, this may be considered by the Court for purposes of determining this portion of this motion based on Fed.R.Civ.P. 12(b)(1). "On a Rule 12(b)(1) motion,

> 1. A hearing was held October 21, 2021 for which no transcript is available. The issue at hearing was whether respondent Murphy Creek Estates Funding, LLC, …violated C.R.C.P. Rule 105.1 and C.R.S. C.R.S. 38-35-201 et seq***., when McCracken created and recorded a deed of trust in 2019 encumbering real property owned by the petitioner Murphy Creek Estates, LLC***, … [Emphasis added] ….
>
> 6. The Court subsequently issued its Order and made the following findings of fact:
> a. The 2019 Deed of Trust is a "lien" as defined by C.R.S. 38-35-201(2) and not a "document" (Order, ¶ 3) …
> c. The broad grant of authority to McCracken made by the owners of the real property encumbered by the 2019 Deed of Trust " Murphy Creek Estates, LLC, … (Hearing Exhibit B, the 2014 Special Meeting Minutes) ***-granted McCracken the authority as an agent on the owner's behalf to create the lien. The Court further finds that the 2014 Special Meeting Minutes which granted McCracken this authority superseded the limitations initially imposed by the Operating Agreement as made and previously amended (Order, ¶ 5).*** [Emphasis added].
> d. ***Even though McCracken did not sign the 2019 Deed of Trust, he had the authority to do so***; McCracken could have simply signed an amended partial release of the deed of trust correcting the erroneous inclusion of Tract O under the authority granted to him by the Special Action Minute. ***The Court finds that McCracken legitimately acted on behalf of the record title property owners when he created the 2019 DOT***, … ***In sum, the 2019 Deed of Trust had a legitimate purpose, was not an illusory grant, and therefore not a spurious lien*** [Emphasis added] …

d. Plaintiff will not be prejudiced if the remaining claims are dismissed for lack of subject

matter jurisdiction. The claims may be filed in state court, where they belong.


### III. ALTERNATIVELY OR ADDITIONALLY, ALL OF THE CLAIMS SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) FOR IMPROPER VENUE BASED ON THE FORUM SELECTION CLAUSE OF THE PROMISSORY NOTE.

Additionally or alternatively, all of the claims should be dismissed pursuant to

Fed.R.Civ.P. 12(b)(3) for improper venue, based on the forum selection clause in the

Promissory Note dated November 12, 2003 in the amount of $2,500,000 executed by

---

the Court is permitted to consider documents outside of the pleadings. See *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)."

MCE in favor of MCEF [ECF 1-9], Exhibit 9 to the Complaint, which states in relevant part that "If there is a lawsuit, Borrower [Plaintiff] agrees upon Lender's [Defendant MCEF's] request to submit to the jurisdiction of the courts of Arapahoe County, the State of Colorado." Plaintiff's claims are directly or indirectly predicated upon the alleged invalidity or unenforceability of said Promissory Note[7] [ECF 1-9] and the 2003 deed of trust [ECF 1-10] and 2019 deed of trust [ECF 1-19] securing the same, both of which deeds of trust are subject to the forum selection clause by virtue of the incorporation provisions in the Promissory Note[8] and in the two deeds of trust[9].  If the note and deed of trust are valid and enforceable, then MCE's claims fall by the wayside.  Plaintiff has rejected MCEF's request to submit to the jurisdiction of the Arapahoe County District Court.  *See* Exhibits 2 and 3 hereto. The Funding Defendants move this Court to enforce this clause by dismissing the Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

---

[7] See Complaint, Paragraphs 62-67; 69-71; 74-78; 197-200; 216-217; 221; 273-275; 277; 307-308; 310; 312; 416-421; 427; 437; and Prayer for Relief (seeking "a decree adjudicating that the 2003 Note is unenforceable against MCE…").

[8] The Promissory Note contains the following provision: "**COLLATERAL**. This Note is secured by, in addition to any other collateral, a Deed of Trust dated November 12, 2003, to the Public Trustee for the benefit of Lender on real property located in ARAPAHOE County, State of Colorado, ***all the terms and conditions of which are hereby incorporated and made a part of this Note."*** [Emphasis added].

[9] The deeds of trust contain the following provisions: "MISCELLANEOUS PROVISIONS. The following miscellaneous provisions are a part of this Deed of Trust: Amendments. ***This Deed of Trust, together with any Related Documents***, constitutes the entire understanding and agreement of the parties as to the matters set forth In this Deed of Trust."  "The words "Related Documents" mean and include without limitation ***all promissory notes***, …deeds of trust, and all other instruments, … ***executed in connection with the Indebtedness.***" "The word "Indebtedness" means all principal and interest payable ***under the Note***…" "***The word "Note" means the Note dated November 12, 2003, in the principal amount of $2,500,000.00 from Granter to Lender***… [Emphasis added].

12

" A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir. 1992). Judge Arguello summarized the law holding that forum selection clauses are enforceable in the Tenth Circuit if they are reasonable in *PFC Payment Solutions, LLC v. Element Payment Services, Inc*., Civil Action No. 12-Cv-01472-CMA-MJW (D.Colo. August 10, 2012), pp. 4-5:

> In this Circuit, "[a] motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft,* 314 F.3d 494, 497 (10th Cir. 2002)…
>
> Forum selection clauses are "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972); *Riley,* 969 F.2d at 957 (citing *M/S Bremen* and noting that "a party resisting enforcement [of a forum selection provision] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances").

Here the forum selection clause in the Promissory Note and incorporated in the deeds of trust is reasonable, and the case should be dismissed pursuant to Rule 12(b)(3).

## IV. PORTIONS OF THE STATEMENT SHOULD BE STRICKEN PURSUANT TO FED.R.CIV.P. 12(f)(2).

The portions of the following paragraphs of the Statement [ECF 1-28] that are not statements of fact based on personal knowledge, are inadmissible hearsay, and should be stricken: 12, 13, 17, 22, 23, 30, 33, 51, 60, 64, 65 ("information and belief"); 20 ("information"); 52 ("learned"); 59, 62, 64 ("I believe"); 61 ("I expect"); 63 ("It is apparent" and "I have reason to believe").

## **CONCLUSION**

**F**or the foregoing reasons, this Motion should be granted.

Dated: April 11, 2022.

        Respectfully submitted,

        *s/ Michael J. Knauf*
        Michael J. Knauf, Esq.
        THE KNAUF LAW OFFICE, LLC
        355 S. Teller St. Suite 200
        Lakewood, Colorado 80226
        Phone: (303) 525-7605
        Michael@knauflawoffice.com

        *s/ Kirk B. Holleyman*
        Kirk B. Holleyman, Esq.
        KIRK HOLLEYMAN, P.C.
        730 17th Street, Suite 340
        Denver, CO 80202
        (303) 436-1699
        kirkholleyman@aol.com

        Attorneys for Defendants Murphy Creek
        Estates Funding; Whitehall Financial
        Corporation; Whitehall Financial, LLC;
        Homestead Resource, LLC; Coscan
        Commercial Corporation;
        Daniel L. McCracken, and William R. Wood

## **CERTIFICATION**

I hereby certify that the foregoing response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A) (1.)

        By:    */s Kirk B. Holleyman*

CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of April 2022, I electronically transmitted the foregoing document and Exhibits 1, 2 and 3 thereto to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nathan G. Osborn
Robin A. Jackson
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111

                                                 s/*Kirk B. Holleyman*